RICHARD FARRELL, Plaintiff, *v.* HAROLD L. MALCOM and Others, Defendants.

City Court of New York, Bronx County, November 1, 1929.

*Sidney R. Lash*, for the motion.

*Charles J. Kennedy*, opposed.

EVANS, J.   A controversy has arisen regarding the application of section 264 of the Civil Practice Act.   Plaintiff sues for personal injuries arising out of an automobile collision.   Harold L. Malcom, Augustus K. Malcom and Albert A. Jacobs are sued as defendants, and each charged with negligence.   Harold L. Malcom apparently believes that Jacobs is responsible for the accident, and, in his answer, demands affirmative relief against Jacobs, pursuant to section 264 of the Civil Practice Act.   Malcom, beyond stating that a question has arisen as to which defendant is responsible for the damages caused to the plaintiff and that he wishes some affirmative relief, is completely silent, in his answer, as to just what relief he wants, and as to any fact which would lead any one to infer just what relief he is entitled to.   One cannot tell, by reading the answer, whether Malcom wishes to be relieved of any responsi-

· bility for the accident to the plaintiff, or wants a judgment against Jacobs, or both.  If Malcom merely wishes to be relieved of any responsibility to plaintiff for the accident, it is entirely unnecessary for him to invoke the aid of section 264 of the Civil Practice Act. All he need do, under those circumstances, is to deny his negligence and ask for judgment dismissing the complaint.  I take it, therefore, that Malcom wishes an affirmative judgment of some sort against Jacobs.  The answer does not allege any fact sufficient to sustain any cause of action or counterclaim.  Defendant Jacobs has, therefore, made this motion to dismiss the attempted counterclaim, and he says his motion is made by virtue of rule 106 or 109 of the Rules of Civil Practice, or in the alternative to make the answer more definite and certain under rule 102 of the Rules of Civil Practice.  Opposing the application, Malcom says that rule 106 is available only to a defendant when addressed to a complaint, that rule 109 is available only to a plaintiff when addressed to an answer; that rule 102 is available only to a party who is required to serve an answer or reply to a pleading, and no one else.  I think defendant Malcom is right in each contention that he makes.  The question then arises whether defendant Jacobs, in these circumstances, is left without any relief and must appear, on the day of trial, to meet some claim, without knowing what it is going to be. The Legislature has remained silent, and the convention which adopted the Rules of Civil Practice has made no provision for the situation that Jacobs finds himself in.

There can be no doubt that, in the absence of legislation, the courts have power to adopt rules to regulate practice.  If rules to regulate practice generally have not been adopted by the courts, each particular court may adopt a fair and proper rule to regulate the conduct of the cause at bar.  I believe the court has the power and is charged with the duty so to do.

A rule similar to rules 102, 106 and 109 of the Rules of Civil Practice should prevail here.  Without formulating the rule in precise language, I will entertain the motion and direct that defendant Malcom serve an amended answer, which shall set forth the cause of action he claims to have against defendant Jacobs, and that the cause of action should be stated in the same way as if a complaint or counterclaim was to be set forth.  That must be done within six days, or the motion to strike out the answer, so far as it seeks affirmative relief against Jacobs, will be granted. When the amended answer is served, the defendant Jacobs must reply thereto, as if it were a counterclaim, within six days.  Issue will thus be joined between the parties, and they will then proceed in an orderly way.